COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Senior Judges Cole and Duff


HENRICO COUNTY SCHOOL BOARD

v.    Record No. 1069-95-2          MEMORANDUM OPINION[*]
                                        PER CURIAM
CORNELIA W. WATERS                  NOVEMBER 21, 1995


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (G. A. Kalbaugh, Jr; Claire C. Carr; Kalbaugh, Pfund &
                Messersmith, on brief), for appellant.

                (Timothy J. Healy; Levit & Mann, on brief), for
                appellee.



        Henrico County School Board contends that the Workers'

Compensation Commission erred in finding that Cornelia W. Waters'

left lateral epicondylitis qualifies as a compensable

occupational disease within the meaning of "disease" under the

Workers' Compensation Act ("the Act").  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

        The facts are not in dispute.  In September 1992, Waters

began working for employer as a school nurse.  In her job, Waters

administered initial medical care and she maintained three

separate three-ring binder notebooks containing records on 1100

students.  On a frequent basis, Waters used her left hand to

obtain, open, and close the notebooks.  Between September 1992

─────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

and January 1993, Waters began to notice left arm pain radiating from her elbow to her wrist. She did not relate this pain to any specific incident at work. In January 1993, she sought medical treatment from Dr. Dennis Thomas. After Dr. Thomas' conservative treatment proved unsuccessful, he referred Waters to Dr. Kenneth R. Zaslav, an orthopedic surgeon.

On December 20, 1993, Dr. Zaslav diagnosed persistent left lateral epicondylitis, i.e., tennis elbow. Based upon Waters' history, Dr. Zaslav testified that her condition arose out of and in the scope of her employment as a result of the recurrent use of her left arm to handle the heavy notebooks. Based upon the lack of any history of a single sudden incident of pain, Dr. Zaslav opined that Waters' condition was the result of cumulative overloading, tearing, or stretching of the muscles that insert at the epicondyle. Relying upon Waters' testimony and Dr. Zaslav's opinions, the commission found that Waters' left lateral epicondylitis constituted a "disease" caused by her employment.

In Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993), we defined "disease" as:

> any deviation from or interruption of the
> normal structure or function of any part,
> organ, or system (or combination thereof) of
> the body that is manifested by a
> characteristic set of symptoms and signs and
> whose etiology, pathology, and prognosis may
> be known or unknown.

"[T]he definition enunciated in Piedmont [has been recognized by this Court] as the general and accepted meaning of

the term 'disease,' a term which is presumed to be known by the legislature and is employed by it without restriction in Code §§ 65.2-400 and 65.2-401." Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 68, 461 S.E.2d 431, 435 (1995).

Epicondylitis is defined as "inflammation of the epicondyle or of the tissues adjoining the epicondyle of the humerus." Dorland's Illustrated Medical Dictionary 450 (26th ed. 1985). Using this general medical definition of epicondylitis, as we did for carpal tunnel syndrome in Perdue, we find that it places epicondylitis within the definition of disease set forth in Piedmont and approved of in Perdue.[1]

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). On appeal, this Court will uphold the commission's factual findings if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

As in Perdue, Waters' condition did not present as an obvious, sudden, mechanical or structural change in her body. Rather, credible evidence supports the commission's finding that Waters' left lateral epicondylitis is a condition characterized as a "disease" within the meaning of the Act.

Accordingly, we affirm the commission's decision.

---

[1]In his November 11, 1994 deposition, Dr. Zaslav essentially agreed with this general medical definition of epicondylitis.

Affirmed.